UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBRA JENNINGS,**

    Appellant,

v.

**PATRICIA LOTT,**

    Appellee.

_____/

Case No. 08-12329

Honorable Denise Page Hood

## ORDER REGARDING LIEN APPEAL

This matter is before the Court on an appeal filed by Attorney Debra Jennings from the Settlement Facility Settlement Facility-Dow Corning Trust's ("SF-DCT") April 22, 2008 letter denying Ms. Jenning's lien because she failed to submit a Proof of Lien form within the 30 day deadline pursuant to the Procedures for the Review of Asserted Liens Against Settling Implant Claimants. Ms. Jennings asserts in her Notice of Appeal Lien that she was late in filing the Proof of Lien form because of an illness and her inability to locate the file which was over ten years old.

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Claims Administrator's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan")

provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA") *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09. The Court reviews *de novo* the Claim Administrator's findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that the Alleged Lienholder must return a completed Proof of Lien form and supporting document to the SF-DCT within 30 days from the date of the Notice from the SF-DCT. (Lien Review Procedures, § 4.01(a)) If the Alleged Lienholder fails to submit the Proof of Lien form, the Alleged Lienholder shall be barred from asserting the lien. (Lien Review Procedures, § 4.01(d)) The Alleged Lienholder shall have 30 days from the date of the letter from the SF-DCT denying the untimely submitted lien to file a Notice of Appeal to the District Court under the standard articulated in Rule 60 of the Federal Rules of Civil Procedure. *Id.*

Ms. Jennings claims excusable neglect because of her illness and her inability to locate her client's file. Rule 60(b) of the Federal Rules of Civil Procedures provides that, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." Fed. R. Civ. P. 60(b)(1). In *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996), the Sixth Circuit held that the liberal standard of excusable neglect set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 394 (1993) applies to requests for extension of time to file a notice of appeal both in criminal and civil cases under Fed. R. App. P. 4. *Thompson*, 82 F.3d at 702. Based on *Pioneer*, "[n]eglect ... encompasses both simple, faultless

omissions to act and omissions caused by carelessness." *Id., citing Pioneer*, 507 U.S. at 388. The court must then determine whether such neglect is excusable. "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer*, 507 U.S. at 392. The following factors have been identified in determining whether failure to timely file constitutes excusable neglect: 1) the danger of prejudice to the other party; 2) the length of delay; 3) its potential impact on judicial proceedings; 4) the reason for the delay; and 5) whether the movant acted in good faith. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001).

The Court finds that the Claimant would not be prejudiced in filing the late Proof of Lien by Ms. Jennings since it appears Ms. Jennings has expended costs and time on behalf of Claimant. The Court is unable to determine the length of the delay since Ms. Jennings does not indicate when she sent the Proof of Lien form to the SF-DCT, if at all. The SF-DCT sent the initial letter to Ms. Jennings on February 19, 2008. The SF-DCT's letter denying the lien is dated April 22, 2008. The late filing of the Proof of Lien form would not unduly impact any judicial proceedings because the purpose of submitting such a form before the SF-DCT is to avoid further judicial proceedings. As to good faith, the Court finds that Ms. Jennings has not shown bad faith in her failure to timely file the Proof of Lien form before the SF-DCT. There is no indication that Ms. Jennings ignored any prior correspondences sent by the SF-DCT, although Ms. Jennings does not indicate whether she has since located her files.

Upon weighing the factors set forth above and the filings submitted by Ms. Jennings, the Court finds that Ms. Jenning's action in failing to timely file the Proof of Lien form with the SF-DCT constitutes excusable neglect under Rule 60(b). The Court will allow the late filing of Ms. Jenning's Proof of Lien form.

omissions to act and omissions caused by carelessness." *Id., citing Pioneer*, 507 U.S. at 388. The court must then determine whether such neglect is excusable. "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer*, 507 U.S. at 392. The following factors have been identified in determining whether failure to timely file constitutes excusable neglect: 1) the danger of prejudice to the other party; 2) the length of delay; 3) its potential impact on judicial proceedings; 4) the reason for the delay; and 5) whether the movant acted in good faith. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001).

The Court finds that the Claimant would not be prejudiced in filing the late Proof of Lien by Ms. Jennings since it appears Ms. Jennings has expended costs and time on behalf of Claimant. The Court is unable to determine the length of the delay since Ms. Jennings does not indicate when she sent the Proof of Lien form to the SF-DCT, if at all. The SF-DCT sent the initial letter to Ms. Jennings on February 19, 2008. The SF-DCT's letter denying the lien is dated April 22, 2008. The late filing of the Proof of Lien form would not unduly impact any judicial proceedings because the purpose of submitting such a form before the SF-DCT is to avoid further judicial proceedings. As to good faith, the Court finds that Ms. Jennings has not shown bad faith in her failure to timely file the Proof of Lien form before the SF-DCT. There is no indication that Ms. Jennings ignored any prior correspondences sent by the SF-DCT, although Ms. Jennings does not indicate whether she has since located her files.

Upon weighing the factors set forth above and the filings submitted by Ms. Jennings, the Court finds that Ms. Jenning's action in failing to timely file the Proof of Lien form with the SF-DCT constitutes excusable neglect under Rule 60(b). The Court will allow the late filing of Ms. Jenning's Proof of Lien form.

Accordingly,

IT IS ORDERED that Lien Appeal, Case No. 08-12329 is GRANTED and the SF-DCT's Decision is REVERSED. Ms. Jenning's must file a Proof of Lien form before the SF-DCT within 30 days from the entry of this Order.

                                                */s/ Denise Page Hood*
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED:  October 12, 2011

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record, by electronic means and/or first class U.S. mail.

                                                S/ S Schoenherr
                                                Deputy Clerk